STATE OF CONNECTICUT *v.* DAVID H. GUILES

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 28, 1959

*David H. Guiles,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-one was found guilty, after a jury trial, of the crime of rape and on June 23, 1959, was sentenced to the state prison for not less than eight nor more than twelve years.

In the early morning hours of March 29, 1959, the complaining witness, age twenty-nine, was having a birthday party at her home. At about 3 a.m., the complaining witness, with others, went to a club in Bridgeport. The defendant was there and joined the party, which returned to the complaining witness' apartment. The party continued until 7 a.m., when the complaining witness offered to drive the defendant and another home. After the other passenger had been left at her home, the defendant did attack the complaining witness while in the automobile and in the process of the attack did

strike her and in addition did twice commit an unnatural sexual act upon the victim. When the defendant was apprehended later in the morning he was under the influence of intoxicating liquor.

The prior criminal record of the defendant is as follows:

August 17, 1946—Bridgeport, Conn.—breach of peace—nolled.

January 23, 1947 — Bridgeport, Conn. — taking motor vehicle without owner's permission—Connecticut reformatory; execution of sentence suspended; probation six months.

November 28, 1951 — Bridgeport, Conn. — frequenting house of ill fame—fined.

June 8, 1955—Bridgeport, Conn.—nonsupport—four months in jail.

October 1, 1955—Bridgeport, Conn.—accident; no operator's license—no disposition.

November 2, 1955—Bridgeport, Conn.—breach of peace, assault—thirty days in jail, execution of sentence suspended.

May 7, 1956—Bridgeport, Conn.—breach of peace —fined.

May 14, 1958—New York—carnal abuse of female child—dismissed.

Whether or not the defendant and the complaining witness had had sexual relations on previous occasions with the latter being a willing participant, as is claimed by the defendant, is not shown in the record; but the record does show that this was not a lying-in-wait situation but was the culmination of an all-night drinking party where the two persons involved, who had been on at least very friendly terms for years, had each consumed quantities of liquor.

44

Although the defendant did have a full jury trial, the issue tried was the question of insanity, and at no time did he ever deny his participation as described by the complaining witness. From his past history as shown in the record, the defendant undoubtedly needs psychiatric help.

In this case there is lacking much of the brutality, aggravation in assault and surprise attack upon a wholly innocent victim which characterize the majority of rape cases. While these circumstances are of no significance on the question of guilt or innocence, they are of significance on the question of penalty. Taking into consideration all of the factors found in the record, and the range of sentences in crimes of this nature committed or perpetrated under circumstances that, though not similar, are comparable, it is the conclusion of this board that the sentence imposed should be reduced. The Superior Court is directed to sentence the defendant to a term of not less than five nor more than twelve years in the state prison.

House, Devlin and Loiselle, Js., participated in this decision.